SNELL, PLAINTIFF, v. WELCH ET AL., DEFENDANTS.

(No. 1,941.)

(Submitted April 23, 1903.  Decided April 24, 1903.)

*Supreme Court—Original Jurisdiction—Propriety of Exercise —Injunction—Constitutionality of School Text-Book Law.*

The supreme court will not entertain an original proceeding to test, by an injunction to restrain the state text-book commission from advertising for bids, the constitutionality of a statute relating to a uniform system of textbooks, and requiring the books contracted for to bear "union labels;" no pressing necessity appearing for a speedy determination of the question, the court calendar being three years in arrears, and the matter being one which should ordinarily, and in the first instance, be submitted to the district court; especially where it is apparent that the interests of the public, so far as they are involved, may be as well protected if the parties are left to pursue the usual course.

ORIGINAL SUIT by Charles H. Snell against W. W. Welch, state superintendent of public instruction, and others, constituting the state text-book commission.   Dismissed.

*Mr. Edward Horsky, Mr. Robert B. Smith,* and *Mr. E. A. Carleton,* for Plaintiff.

*Mr. James Donovan, Attorney General,* for Defendants.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by complaint filed in this court to obtain an injunction to restrain the defendant W. W. Welch, superintendent of public instruction of the state, and the said Welch and the other defendants as the state text-book commission, created by an Act of the Eighth Legislative Assembly known as "Senate Bill 54" (Chapter CXXII, Laws of 1903), from proceeding to advertise for bids for contracts to supply a uniform system of text-books for use in the public schools of the state, as authorized and required by the provisions of the said

Act. The court, upon application, permitted the complaint to be filed, reserving for consideration the question whether the circumstances were such as required it to assume jurisdiction of the cause in the first instance.

The action involves the constitutionality of a provision in Section 13 of the Act requiring all books contracted for by the commission to bear "union labels,"—that is, to be published by firms entitled to use and using the label of the printers' union. After consideration, the court concludes that no urgent necessity is shown to exist why it should entertain the action in the first instance. The calendar of this court is much in arrears. In the absence of some pressing necessity, we do not think we should postpone other causes which have been awaiting decision —some of them for as much as three years—in order to permit parties to reach a speedy decision upon a matter which should ordinarily, and in the first instance, be submitted to the district court. This is especially true of cases like the present, when it is apparent that the interests of the public, so far as they are involved, may be protected as well if the parties are left to pursue the usual course.

The action is therefore dismissed.

*Dismissed.*